FILED

FEB 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON JAMES PIERCE, | No. 09-16714 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01148-FCD-DAD |
| v. | |
| EDWARD S. ALAMEIDA, JR.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Aaron James Pierce appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs and excessive force.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo the district court's dismissal of a complaint

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm in part, vacate in part, and remand.

The district court properly dismissed the claims involving defendants Chief Medical Officer of CCC-Susanville and Warden Runnels because Pierce did not allege a connection between the actions of these defendants and the deprivations he claimed to have suffered. *See Redman v. County of San Diego*, 942 F.2d 1435, 1439-40 (9th Cir. 1991) (en banc).

Given the low threshold requirements of 28 U.S.C. § 1915A, Pierce has stated a colorable Eighth Amendment claim against defendants identified as "Four Unknown by Name High Desert Officers." *See Resnick*, 213 F.3d at 447 (a court must liberally construe pro se pleadings, and accept as true all allegations of material fact); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (excessive force inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm"). Pierce's failure to identify these defendants by name does not support dismissal. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (complaint cannot be dismissed solely for failure to identify unknown defendants). Accordingly, we remand for further proceedings on this claim.

09-16714

Pierce's remaining contentions are unpersuasive.

We decline to address issues raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We deny Pierce's request for documents.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**